IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

03 JUL 23 PM 4:01

U. DISTRICT COURT
N.D. OF ALABAMA

WILLIAM L. JONES, )
)
    Petitioner, )
)
v. ) CIVIL ACTION NO. 02-BE-2025-E
)
CHERYLE PRICE, Warden; ATTORNEY )
GENERAL FOR THE STATE OF ALABAMA, )
)
    Respondents. )

ENTERED
JUL 2 3 2003

## MEMORANDUM OF OPINION

In Petitioner's Objections to Magistrate Judge's Findings and Recommendation petitioner alleges in a conclusory fashion that equitable tolling is appropriate because the Anti-terrorism statute was not available in the prison law library and therefore the jailhouse lawyer was unaware of the statute of limitation. In *Helton v. Secretary for the Department of Corrections*, 259 F.3d 1310 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002) the petitioner alleged that the prison law library did not have the Amendments to the Federal Habeas Corpus Statutes which created a one year statute of limitation therefore he "did not have the means to learn that there might be a question about when the one year clock started to run." 259 F.3d at 1314. The Eleventh Circuit Court of Appeals held in pertinent part:

> Helton's declaration lacks the necessary specificity to show when he found out about the library's alleged deficiency and what–if anything–he did to remedy the defect. For example, Helton never asserts that he asked for the amendments to the federal habeas corpus statutes, or that he was even aware the library did not have these materials at the time he filed his section 2254 petition. Helton fails to state any independent efforts he made to determine when the relevant limitations period began to run, let alone that the DeSoto Correctional Institution somehow

16

> thwarted his efforts. Thus, the record evidence is insufficient to support a connection between Helton's untimely filing and any alleged inadequacies in the prison library. Cf. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims.... It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.")

259 F.3d at 1314.

Based on *Helton*, petitioner's objection is without merit and the objection is due to be overruled.

A separate Final Judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

DONE this the 23rd day of July, 2003.

KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE